# EXHIBIT D

Cause No. _____

25-DCV-327859

25-DCV-327859
PETID        1
Petition
7247976

| | | |
|---|---|---|
| HAJARAT LADITI,<br>Plaintiff | § | IN THE DISTRICT COURT |
| | § | |
| Vs | § | **458**DICIAL DISTRICT |
| | § | |
| UNITED WHOLESALE<br>MORTGAGE AND CENLAR FSB<br>("CENLAR"),<br>Defendants | § | |
| | § | OF FORT BEND COUNTY |
| | § | |

## PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION

## FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **HAJARAT LADITI**, Plaintiffs herein, and files this Plaintiff's Original

Verified Petition and Application for Temporary Restraining Order and Temporary Injunction

against **UNITED WHOLESLE MORTGAGE AND CENLAR FSB (CENLAR)** its

successors

and/or assigns, as Defendants herein, and in support thereof, will show the Court the following:

### I. Discovery Control Plan Level

1. Plaintiff intends that discovery be conducted under Discovery Level 2, pursuant to

    Texas Rules of Civil Procedure 190.3.

### II. Parties and Service

2. Plaintiff, **HAJARAT LADITI** is an individual. Plaintiff's address is 26066

    Haggard Nest Dr, Katy, Texas 77494. Plaintiff may be served at this address.

3. Defendant United Wholesale Mortgage is reportedly a limited liability company which is duly qualified and authorized to do business in the State of Texas. Service may be personally served to Defendant's Counsel, Robertson, Anschutz, Schneid, Crane and Partners PLLC Law Offices Defendant's attorney information is 5601 Executive Dr, Ste 400, Irving TX 75038.

4. Defendant Cenlar FSB "Cenlar" is reportedly a domestic company which is duly qualified and authorized to do business in the State of Texas. Service may be personally served to Defendant's Counsel, Robertson, Anschutz, Schneid, Crane and Partners PLLC Law Offices Defendant's attorney information is 5601 Executive Dr, Ste 400, Irving TX 75038.

## III. Jurisdiction and Venue

5. The subject matter in controversy is within the jurisdiction of limits of this court.

6. Plaintiff seeks monetary and declaratory relief.

7. This suit is brought in part pursuant to Tex. Civ. Prac. & Rem. Code § 37.01 et seq., commonly known as the Uniform Declaratory Judgments Act and cited in this petition as the "U.D.J.A."

8. Injunctive relief in the form of a temporary restraining order and temporary injunction; and,

9. Declaratory relief to quiet all right, title, and interest in the real property made the subject of this suit.

10. This court has jurisdiction over the parties because Plaintiff is conducting business in the State of Texas.

11. The court has a personal jurisdiction over the parties because Defendant conducted business in the State of Texas pursuant to Texas Civil Practice and Remedies Code Section 17.042

12. Venue in Fort Bend County is proper in this cause because all facts relevant to this suit transpired in Fort Bend County, Texas.

13. Venue in Fort Bend County is proper in this cause under Section 15.002(a)(l) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Fort Bend County.

## IV. Conditions Precedent

14. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## V. Facts

15. Plaintiff originally signed a Promissory Note with the Defendant.

16. Plaintiff subsequently had a death in the family and loss of income.

17. Plaintiff therefore requested a loan modification from the Defendant. However, when she received the new payment, it was higher than her original payment.

18. The Plaintiff contacted the lender to request the payoff to have the opportunity to sell the property and pull the equity out in order to find a new place to resettle my family.

19. The Plaintiff was able to find a buyer for the property and loan was approved and scheduled to close at Exodus Title Company on 3/24/2025. (Exhibit A & B)

20. The Plaintiff made various documented attempts to obtain true and accurate

accounting of said account. On several occasions, Plaintiff requested assistance with acquiring a payment history and/or balance that would allow the Plaintiff to sell the property.

21. Plaintiff didn't receive the payoff letter until 03/28/25 therefore we missed the closing and had to reschedule the closing. (Exhibit C)

22. The lender for the buyer has agreed to reset a closing date if this pending foreclosure is delayed. The Plaintiff can close on the property in a few days. (Exhibit B)

23. Defendant accelerated the note against the Plaintiff rather than address the discrepancies in the accounting.

## VI. First Cause of Action: Promissory Estoppel

24. Plaintiff moved in good faith based upon she understood the sale would be postponed so she could sell the property.

25. Plaintiff relied upon the verbal commitment from the Defendant to her own detriment.

26. Due to the scheduled foreclosure, Tuesday, April 1, 2025, Plaintiff has no other choice but to appeal to the court for a temporary restraining order and temporary injunction.

## VII. Second Cause of Action: Application for Temporary Restraining Order and Temporary Injunction

27. Plaintiff incorporates by reference section V into this cause of action.

28. Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks immediate relief in the form of a Temporary Restraining Order wherein this Court orders, retrains and prohibits the Defendants, and /or any of its/their agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns, from foreclosing or attempting to foreclose upon Plaintiff's property for a period of at least fourteen (14) days until a temporary injunction hearing is held by this Court concerning whether Plaintiff has a probable right of recovery for her various claims and causes of action pleaded herein.

29. The trustees present an imminent threat of irreparable harm to Plaintiff in the form of the Defendants, and/or its/their agents, employees, attorneys, trustees, or substitute trustees stated threat and intent to proceed with the foreclosure sale of Plaintiff's property unless this Court immediately restrains such acts or conduct as requested herein.

30. Moreover, after issuance of a temporary restraining order, and upon notice and a hearing as required by law, Plaintiff further seeks entry of a Temporary Injunction to maintain the status quo and prohibit the Defendant, and/or any of its/their agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns, from foreclosing or attempting to foreclose Plaintiff from her property until the merits of Plaintiff various claims and causes of action as pleaded herein can be fairly and fully adjudicated.

## VIII. Attorney's Fees

31. Requests is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an

appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as

the Court deems equitable and just, as provided by a) Section 37.001 et seq. of the

Texas Civil Practices and Remedies Code.

## IX. Jury Demand

32. Plaintiff hereby requests that all issues of fact be tried before a jury.

## XIII. Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Hajarat Laditi, respectively

prays that Defendant Robertson, Anschutz, Schneid, Crane and Partners  PLLC Law Offices

its/their successors and/or assigns and /or each of its/ various agents, attorneys, or employees as

described herein, supra, each be cited to appear and answer herein , and that Plaintiff be granted

immediate relief in the form of a temporary restraining order and temporary injunction preventing

the Defendant , and/or any of its/their respective agents, employees, attorneys, trustees, substitute

trustees, successors and/or assigns from foreclosing upon Plaintiff's property described herein

until the merits of her various claims and causes of action pleaded herein may be fairly adjudicated;

and that upon the final trial of this cause, judgment be entered in favor of Plaintiff, and for an

award of all economic and actual damages requested herein in an amount in excess of the minimum

jurisdictional limits Court, including exemplary damages, together with pre-judgment and post

judgment interest at the maximum rate allowed by law, and for an award of all attorney's fees and

cost of court incurred, and for such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Respectfully submitted,

Hladiti

Hajarat Laditi, pro se
26066 Haggard Nest Dr.
Katy, TX 77494
Tel. (713) ‍(281)505 592 1
Email: blazebusinessbrokerage@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing filing has been forwarded to Defendant

pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure upon all parties of record by

email on this 1st day of April 2025.

Robertson, Anschutz, Schneid, Crane
 and Partners PLLC Law Offices
5601 Executive Dr, Ste 400, Irving TX 75038
Phone: (423)498-7400 ext 4
Email: gaRein.Payoff@raslg.com

Respectfully submitted,

*HLaditi*

Hajarat Laditi, pro se
26066 Haggard Nest Dr.
Katy, TX 77494
Tel. (713)
Email: blazebusinessbrokerage@gmail.com

## <u>VERIFICATION</u>

STATE OF TEXAS                              §

COUNTY OF FORT BEND                 §

                                                     §


BEFORE ME, the undersigned authority, personally appeared HAJARAT LADITI who, on oath, stated that the statements made in the foregoing Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction are true and correct and within her personal knowledge.


_HLaditi_
HAJARAT LADITI


**SUBSCRIBED AND SWORN TO BEFORE ME,** the undersigned authority, on this the _1st_ day of _April_, 2025, by Hajarat Laditi.


_Cecil O. Williams_
Notary Public, State of Texas

```
CECIL O. WILLIAMS
Notary Public, State of Texas
Comm. Expires 05-16-2027
Notary ID 128604474
```

Cause No. _____

|   |   |
|---|---|
| § | **IN THE DISTRICT COURT** |
| § | |
| § | _____**JUDICIAL DISTRICT** |
| § | |
| § | **OF FORT BEND COUNTY** |
| § | |

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S APPLICATION
## FOR TEMPORARY RESTRAINING ORDER

**BEFORE ME,** the undersigned authority, personally appeared Hajarat Laditi, who being duly sworn, deposed as follows:

"My name is Hajarat Laditi. I represent the named Plaintiff in this Petition and Application. I am at least 18 years of age and of sound mind and I am personally acquainted with the facts alleged herein.

I'm concerned that if the foreclosure proceeds it will damage credit and equity will be lost along with family losing their residence causing irreparable harm.

|   |   |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF FORT BEND | § |
|   | § |

H Laditi

**Hajarat Laditi**

**SUBSCRIBED AND SWORN TO BEFORE ME,** the undersigned authority, on this the _1st_ day of __April__, 2025, by Hajarat Laditi.

FILED

APR 0 1 2025

AT___1:17___P.M.

PAGE 9 OF 10

Hajarat Laditi original petition

CLERK DISTRICT COURT, FORT BEND CO., TX Hcq

Cecil O. Williams
Notary Public, State of Texas



CECIL O. WILLIAMS
Notary Public, State of Texas
Comm. Expires 05-16-2027
Notary ID 128604474



# BEVERLEY MCGREW WALKER

### DISTRICT CLERK
### Fort Bend County, Texas

## REQUEST FOR PROCESS
### All sections __must__ be completed for processing this request.



25-DCV-327859
REQU        3
Request
7247979

---

**Section 1:**
Cause No. 2 5 - D C V - 3 2 7 8 5 9        UNITED WHOLESALE MORTGAGE AND CENLAR FSB ("CENLAR")

Style: HAJARAT LADTI        vs _____

---

**Section 2:**
## Check Process Type:

- [x] Citation
- [ ] Citation by Posting
- [ ] Temporary Restraining Order
- [ ] Citation by Secretary of State
- [ ] Application for Protective Order / Temporary (Ex Parte) Protective Order
- [ ] Citation by Publication*:
  - [ ] **Daily:** Fort Bend Herald        [ ] **Once a Week:** Fort Bend Independent
  - [ ] **Other:** _____
  - * In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices
- [ ] TCPRC 17.032 Citation by Publication
  - *(Citation will be posted by the District Clerk's Office on the Office of Court Administration website)*
- [ ] Other _____

- [ ] Precept to Serve / Notice of Hearing
- [ ] Citation by Commissioner of Insurance
- [ ] Notice of Registration of Foreign Judgment
- [ ] Writ of _____

### REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A
### SUBPOENA APPLICATION FORM

---

**Section 3:**
**Title of Document/Pleading to be attached for service:** PLANTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUCTION

---

**Section 4:**
**Parties to be Served** (Please type or print):
1. Name: ROBERTSON, ANSCHUTZ, SCHNEID, CRANE AND PARTNERS PLL
   Address: 5601 EXECUTIVE DR, STE 400, ~~IRVING TX 75038~~
   City: IRVING        State: TX        Zip: 75038
2. Name: CENLAR FSB "CENLAR"
   Address: 5601 EXECUTIVE DR STE 400
   City: IRVING        State: TX        Zip: 75038

3. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

4. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type – Additional fees may apply:

☐ Fort Bend County – Constable*

☐ Fort Bend County – Sheriff*

☐ Registered Mail (Out of Country)

☐ District Clerk Service*

☑ Certified Mail

☑ e-Service***  ✓

☐ Not Applicable – See Section 7 (Pro-Se only)

**FILED**

APR 0 1 2025

AT 1:17 P.M.

*Beverly McGrew Walker*

CLERK DISTRICT COURT, FORT BEND CO., TX *tb*

* Fort Bend County Constable and Sheriff will <u>only</u> serve within their jurisdiction.
** Fort Bend County District Clerk's Office will <u>only</u> conduct service on Citation by Publications posted on the Office of Court Administration website.
*** Service papers will be e-mailed directly to the Pro-Se Party or the Attorney's e-mail address registered with the Texas State Bar.

**Section 6** (<u>ONLY</u> if Section 7 does not apply)
**Please Note: Our office will <u>ONLY</u> use the e-Service e-mail address registered with the <u>Texas State Bar</u>.**

## Attorney Name:_____

Address:_____

_____ Street/P.O. Box

City _____ State _____ Zip

Telephone No._____ Bar No._____

**Section 7** (<u>ONLY</u> if Section 6 does not apply)

## Pro-Se Name:_____ HAD JARAT  LADITI

Address: 26066  HAGGARD  NEST  DR

Street/P.O. Box

KATY            TX        77494
City            State     Zip

Telephone No. (281) 505 5921 E-mail Address blazebusinessbrokerage@gmail.com

## Pro-Se Service Only:

☑ E-mail to Pro-Se*    ☐ Mail to Pro-se Party    ☐ Hold for Pick up

* Service papers will be mailed or e-mailed directly to the Pro-Se Party requesting service

**Physical Address**
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469

Phone: (281) 341-4509
Fax: (281) 341-4519

**Mailing Address**
301 Jackson Street, Room 101
Richmond, Texas 77469

2 of 2

Rev. 05/23

Cause No. _____

| | | |
|---|---|---|
| HAJARAT LADITI, **Plaintiff** | § | IN THE DISTRICT COURT |
| | § | |
| **Vs** | § | **458** JUDICIAL DISTRICT |
| | § | |
| UNITED WHOLESALE MORTGAGE AND CENLAR FSB ("CENLAR"), **Defendants** | § | OF FORT BEND COUNTY |
| | § | |
| | § | |

## <u>TEMPORARY RESTRAINING ORDER</u>

**ON THIS DATE** Plaintiff's Application For a Temporary Restraining Order was heard and considered before this Court. Based upon the pleadings, exhibits, records and documents filed by Plaintiff and present to the Court, as well as the arguments of Plaintiff at the hearing, IT APPEARS THAT:

A) Unless UNITED WHOLESALE MORTGAGE AND CENLAR FSB ("CENLAR"), and/or its/their agents, employees, attorneys, trustees, or substitute trustees, directors, shareholders, and legal counsel are immediately enjoined and restrained, United Wholesale Mortgage and Cenlar FSB ("Cenlar") may sell the property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the property identified and described in the Petition and potentially causing Plaintiff to be dispossessed of the property or take legal action to evict Plaintiff or any other occupants from , or enforcing a writ of possession regarding, the aforementioned property. Plaintiff will suffer an immediate and irreparable harm and will have no adequate remedies under the law, and United Wholesale Mortgage and Cenlar FSB ("Cenlar")

ROUTED TO COURT  04-01-25 AA
RT'D TO D. CLERK  4-2-2025 LN

may commit the foregoing before notice and hearing on Plaintiff's Application for Temporary Injunction.

B. Plaintiff will suffer an immediate and irreparable harm if United Wholesale Mortgage and Cenlar FSB ("Cenlar"), and/or its/their agents, employees, attorneys, trustees, or substitute trustees, directors, shareholders, and legal counsel are immediately enjoined and restrained because the Defendant United Wholesale Mortgage and Cenlar FSB ("Cenlar") has already scheduled the foreclosure sale date of April 1, 2025 in Fort Bend County.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that United Wholesale Mortgage and Cenlar FSB ("Cenlar"), and/or its/their agents, employees, attorneys, trustees, or substitute trustees, directors, shareholders, and legal counsel are hereby ordered to immediately cease and desist from selling the real property which is the subject matter of this lawsuit and is commonly known as 26066 Haggard Nest Dr, Katy, TX 77494 as well as from taking any legal action to evict Plaintiff or any other occupants from or enforcing a writ of possession regarding, the aforementioned property. United Wholesale Mortgage and Cenlar FSB ("Cenlar") and/or its/their agents, employees, attorneys, trustees, or substitute trustees, directors, shareholders, and legal counsel are hereby immediately enjoined and restrained from the date of entry of this order until fourteen (14) days thereafter, or until further ordered by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Application for Temporary Injunction is heard on  April 9, 2025  at  9:00 A .M. in the courtroom of the Judicial District Court of Fort Bend County located in the Fort Bend County Civil Courthouse,  1317 Eugene Heimann Circle, Richmond, TX 77469 and that United Wholesale Mortgage and Cenlar FSB ("Cenlar") is commanded to appear at that time and show cause, if

any exist, why a temporary injunction should not be issued against United Wholesale Mortgage and Cenlar FSB ("Cenlar").

The clerk of the above-entitled court shall issue a notice of an entry of a temporary restraining order in conformity with the law and the terms of this Order, to include a copy of this Order, upon the filing by Plaintiff of the bond hereinafter set.

This Order shall not be effective until Plaintiff deposits with the Fort Bend County District Clerk, a bond in the amount of $ 2,000    in due conformity with applicable law. The bond may be in the form of cash, cashier's check, or a check drawn from the operating account of Plaintiff's attorney's law firm.

SIGNED and ENTERED on 1st    day of April 2025 at    3:47  P.M.    

*(signature)*

**PRESIDING JUDGE**

FILED

APR 0 1 2025

AT____ 1:17 ____ P M.

*(signature)*

CLERK DISTRICT COURT, FORT BEND CO., TX ҤG



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)
# ONE TO FOUR FAMILY RESIDENTIAL CONTRACT (RESALE)
NOTICE: Not For Use For Condominium Transactions



**1. PARTIES:** The parties to this contract are Hajarat Laditi _____
(Seller) and ATLAS REAL ESTATE INVESTORS LLC _____ (Buyer).
Seller agrees to sell and convey to Buyer and Buyer agrees to buy from Seller the Property defined below.

**2. PROPERTY:** The land, improvements and accessories are collectively referred to as the Property (Property).
- A. LAND: Lot 43 _____ Block 2 _____, King Lakes _____
  Addition, City of Katy _____, County of Fort Bend _____,
  Texas, known as 26066 Haggard Nest Dr Katy Tx 77494 _____
  (address/zip code), or as described on attached exhibit.
- B. IMPROVEMENTS: The house, garage and all other fixtures and improvements attached to the above-described real property, including without limitation, the following **permanently installed and built-in items**, if any: all equipment and appliances, valances, screens, shutters, awnings, wall-to-wall carpeting, mirrors, ceiling fans, attic fans, mail boxes, television antennas, mounts and brackets for televisions and speakers, heating and air-conditioning units, security and fire detection equipment, wiring, plumbing and lighting fixtures, chandeliers, water softener system, kitchen equipment, garage door openers, cleaning equipment, shrubbery, landscaping, outdoor cooking equipment, and all other property attached to the above described real property.
- C. ACCESSORIES: The following described related accessories, if any: window air conditioning units, stove, fireplace screens, curtains and rods, blinds, window shades, draperies and rods, door keys, mailbox keys, above ground pool, swimming pool equipment and maintenance accessories, artificial fireplace logs, security systems that are not fixtures, and controls for: (i) garage doors, (ii) entry gates, and (iii) other improvements and accessories. "Controls" includes Seller's transferable rights to the (i) software and applications used to access and control improvements or accessories, and (ii) hardware used solely to control improvements or accessories.
- D. EXCLUSIONS: The following improvements and accessories will be retained by Seller and must be removed prior to delivery of possession:_____
  _____.
- E. RESERVATIONS: Any reservation for oil, gas, or other minerals, water, timber, or other interests is made in accordance with an attached addendum.

**3. SALES PRICE:**
- A. Cash portion of Sales Price payable by Buyer at closing.........................$ 504,000,000
  The term "Cash portion of the Sales Price" does not include proceeds from borrowing of any kind or selling other real property except as disclosed in this contract.
- B. Sum of all financing described in the attached: ☑ Third Party Financing Addendum,
  ☐ Loan Assumption Addendum, ☐ Seller Financing Addendum ..........$ 90,000,000
- C. Sales Price (Sum of A and B) ............................................$ 594,000,000

**4. LEASES:** Except as disclosed in this contract, Seller is not aware of any leases affecting the Property. After the Effective Date, Seller may not, without Buyer's written consent, create a new lease, amend any existing lease, or convey any interest in the Property. (Check all applicable boxes)

☐ A. RESIDENTIAL LEASES: The Property is subject to one or more residential leases and the Addendum Regarding Residential Leases is attached to this contract.

☐ B. FIXTURE LEASES: Fixtures on the Property are subject to one or more fixture leases (for example, solar panels, propane tanks, water softener, security system) and the Addendum Regarding Fixture Leases is attached to this contract.

☐ C. NATURAL RESOURCE LEASES: "Natural Resource Lease" means an existing oil and gas, mineral, water, wind, or other natural resource lease affecting the Property to which Seller is a party.

  ☐ (1) Seller has delivered to Buyer a copy of all the Natural Resource Leases.

  ☐ (2) Seller has not delivered to Buyer a copy of all the Natural Resource Leases. Seller shall provide to Buyer a copy of all the Natural Resource Leases within 3 days after the Effective Date. Buyer may terminate the contract within ___3___ days after the date the Buyer receives all the Natural Resource Leases and the earnest money shall be refunded to Buyer.

Initialed for identification by Buyer_____ MO and Seller Hladiti HL TREC NO. 20-17

## 5. EARNEST MONEY AND TERMINATION OPTION:

A. DELIVERY OF EARNEST MONEY AND OPTION FEE: Within 3 days after the Effective Date, Buyer must deliver to Exodus Title _____ (Escrow Agent) at 11200 Westheimer Rd Ste 509 _____(address): $_____ as earnest money and $_____ 0 as the Option Fee. The earnest money and Option Fee shall be made payable to Escrow Agent and may be paid separately or combined in a single payment.

   (1) Buyer shall deliver additional earnest money of $_____ to Escrow Agent within _____ days after the Effective Date of this contract.
   (2) If the last day to deliver the earnest money, Option Fee, or the additional earnest money falls on a Saturday, Sunday, or legal holiday, the time to deliver the earnest money, Option Fee, or the additional earnest money, as applicable, is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.
   (3) The amount(s) Escrow Agent receives under this paragraph shall be applied first to the Option Fee, then to the earnest money, and then to the additional earnest money.
   (4) Buyer authorizes Escrow Agent to release and deliver the Option Fee to Seller at any time without further notice to or consent from Buyer, and releases Escrow Agent from liability for delivery of the Option Fee to Seller. The Option Fee will be credited to the Sales Price at closing.

B. TERMINATION OPTION: For nominal consideration, the receipt of which Seller acknowledges, and Buyer's agreement to pay the Option Fee within the time required, Seller grants Buyer the unrestricted right to terminate this contract by giving notice of termination to Seller within _____ days after the Effective Date of this contract (Option Period). Notices under this paragraph must be given by 5:00 p.m. (local time where the Property is located) by the date specified. If Buyer gives notice of termination within the time prescribed: (i) the Option Fee will not be refunded and Escrow Agent shall release any Option Fee remaining with Escrow Agent to Seller; and (ii) any earnest money will be refunded to Buyer.

C. FAILURE TO TIMELY DELIVER EARNEST MONEY:  If Buyer fails to deliver the earnest money within the time required, Seller may terminate this contract or exercise Seller's remedies under Paragraph 15, or both, by providing notice to Buyer before Buyer delivers the earnest money.

D. FAILURE TO TIMELY DELIVER OPTION FEE: If no dollar amount is stated as the Option Fee or if Buyer fails to deliver the Option Fee within the time required, Buyer shall not have the unrestricted right to terminate this contract under this paragraph 5.

E. TIME: **Time is of the essence for this paragraph and strict compliance with the time for performance is required.**

## 6. TITLE POLICY AND SURVEY:

A. TITLE POLICY: Seller shall furnish to Buyer at ☑ Seller's ☐ Buyer's expense an owner policy of title insurance (Title Policy) issued by _____ Exodus Title _____(Title Company) in the amount of the Sales Price, dated at or after closing, insuring Buyer against loss under the provisions of the Title Policy, subject to the promulgated exclusions (including existing building and zoning ordinances) and the following exceptions:
   (1) Restrictive covenants common to the platted subdivision in which the Property is located.
   (2) The standard printed exception for standby fees, taxes and assessments.
   (3) Liens created as part of the financing described in Paragraph 3.
   (4) Utility easements created by the dedication deed or plat of the subdivision in which the Property is located.
   (5) Reservations or exceptions otherwise permitted by this contract or as may be approved by Buyer in writing.
   (6) The standard printed exception as to marital rights.
   (7) The standard printed exception as to waters, tidelands, beaches, streams, and related matters.
   (8) The standard printed exception as to discrepancies, conflicts, shortages in area or boundary lines, encroachments or protrusions, or overlapping improvements:
       ☐ (i) will not be amended or deleted from the title policy; or
       ☐ (ii) will be amended to read, "shortages in area" at the expense of ☐ Buyer  ☐ Seller.
   (9) The exception or exclusion regarding minerals approved by the Texas Department of Insurance.

B. COMMITMENT: Within 20 days after the Title Company receives a copy of this contract, Seller shall furnish to Buyer a commitment for title insurance (Commitment) and, at Buyer's expense, legible copies of restrictive covenants and documents evidencing exceptions in the Commitment (Exception Documents) other than the standard printed exceptions. Seller authorizes the Title Company to deliver the Commitment and Exception Documents to Buyer at Buyer's address shown in Paragraph 21. If the Commitment and Exception Documents are not delivered to Buyer within the specified time, the time for delivery will be automatically extended up to 15 days or 3 days before the Closing Date, whichever is earlier. If the Commitment and Exception Documents are not delivered within the time required, Buyer may terminate this contract and the earnest money will be refunded to Buyer.

C. SURVEY: The survey must be made by a registered professional land surveyor acceptable to the Title Company and Buyer's lender(s). (Check one box only)

☑(1) Within ___10___ days after the Effective Date of this contract, Seller shall furnish to Buyer and Title Company Seller's existing survey of the Property and a Residential Real Property Affidavit promulgated by the Texas Department of Insurance (T-47 Affidavit). **If Seller fails to furnish the existing survey or affidavit within the time prescribed, Buyer shall obtain a new survey at Seller's expense no later than 3 days prior to Closing Date.** If the existing survey or affidavit is not acceptable to Title Company or Buyer's lender(s), Buyer shall obtain a new survey at ☐Seller's ☐Buyer's expense no later than 3 days prior to Closing Date.

☐(2) Within _____ days after the Effective Date of this contract, Buyer shall obtain a new survey at Buyer's expense. Buyer is deemed to receive the survey on the date of actual receipt or the date specified in this paragraph, whichever is earlier.

☐(3) Within _____ days after the Effective Date of this contract, Seller, at Seller's expense shall furnish a new survey to Buyer.

D. OBJECTIONS: Buyer may object in writing to defects, exceptions, or encumbrances to title: disclosed on the survey other than items 6A(1) through (7) above; disclosed in the Commitment other than items 6A(1) through (9) above; or which prohibit the following use or activity: _____ .
Buyer must object the earlier of (i) the Closing Date or (ii) _____ days after Buyer receives the Commitment, Exception Documents, and the survey. Buyer's failure to object within the time allowed will constitute a waiver of Buyer's right to object; except that the requirements in Schedule C of the Commitment are not waived by Buyer. Provided Seller is not obligated to incur any expense, Seller shall cure any timely objections of Buyer or any third party lender within 15 days after Seller receives the objections (Cure Period) and the Closing Date will be extended as necessary. If objections are not cured within the Cure Period, Buyer may, by delivering notice to Seller within 5 days after the end of the Cure Period: (i) terminate this contract and the earnest money will be refunded to Buyer; or (ii) waive the objections.  If Buyer does not terminate within the time required, Buyer shall be deemed to have waived the objections.  If the Commitment or survey is revised or any new Exception Document(s) is delivered, Buyer may object to any new matter revealed in the revised Commitment or survey or new Exception Document(s) within the same time stated in this paragraph to make objections beginning when the revised Commitment, survey, or Exception Document(s) is delivered to Buyer.

E. TITLE NOTICES:

(1) ABSTRACT OR TITLE POLICY: Broker advises Buyer to have an abstract of title covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a Title Policy.  If a Title Policy is furnished, the Commitment should be promptly reviewed by an attorney of Buyer's choice due to the time limitations on Buyer's right to object.

(2) MEMBERSHIP IN PROPERTY OWNERS ASSOCIATION(S): The Property ☑is ☐is not subject to mandatory membership in a property owners association(s). If the Property is subject to mandatory membership in a property owners association(s), Seller notifies Buyer under §5.012, Texas Property Code, that, as a purchaser of property in the residential community identified in Paragraph 2A in which the Property is located, you are obligated to be a member of the property owners association(s). Restrictive covenants governing the use and occupancy of the Property and all dedicatory instruments governing the establishment, maintenance, or operation of this residential community have been or will be recorded in the Real Property Records of the county in which the Property is located. Copies of the restrictive covenants and dedicatory instruments may be obtained from the county clerk. **You are obligated to pay assessments to the property owners association(s). The amount of the assessments is subject to change. Your failure to pay the assessments could result in enforcement of the association's lien on and the foreclosure of the Property.** Section 207.003, Property Code, entitles an owner to receive copies of any document that governs the establishment, maintenance, or operation of a subdivision, including, but not limited to, restrictions, bylaws, rules and regulations, and a resale certificate from a property owners' association.  A resale certificate contains information including, but not limited to, statements specifying the amount and frequency of regular assessments and the style and cause number of lawsuits to which the property owners' association is a party, other than lawsuits relating to unpaid ad valorem taxes of an individual member of the association.  These documents must be made available to you by the property owners' association or the association's agent on your request. **If Buyer is concerned about these matters, the TREC promulgated Addendum for Property Subject to Mandatory Membership in a Property Owners Association(s) should be used.**

(3) STATUTORY TAX DISTRICTS: If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fee of the district prior to final execution of this contract.

(4) TIDE WATERS:  If the Property abuts the tidally influenced waters of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included in the contract.  An addendum containing the notice promulgated by TREC or required by the parties must be used.

(5) ANNEXATION: If the Property is located outside the limits of a municipality, Seller notifies Buyer under §5.011, Texas Property Code, that the Property may now or later be included in the extraterritorial jurisdiction of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and extraterritorial jurisdiction. To determine if the Property is located within a municipality's extraterritorial jurisdiction or is likely to be located within a municipality's extraterritorial jurisdiction, contact all municipalities located in the general proximity of the Property for further information.

(6) PROPERTY LOCATED IN A CERTIFICATED SERVICE AREA OF A UTILITY SERVICE PROVIDER: Notice required by §13.257, Water Code:  The real property, described in Paragraph 2, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned Buyer hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in Paragraph 2 or at closing of purchase of the real property.

(7) PUBLIC IMPROVEMENT DISTRICTS: If the Property is in a public improvement district, Seller must give Buyer written notice as required by §5.014, Property Code. An addendum containing the required notice shall be attached to this contract.

(8) TRANSFER FEES: If the Property is subject to a private transfer fee obligation, §5.205, Property Code, requires Seller to notify Buyer as follows:  The private transfer fee obligation may be governed by Chapter 5, Subchapter G of the Texas Property Code.

(9) PROPANE GAS SYSTEM SERVICE AREA:  If the Property is located in a propane gas system service area owned by a distribution system retailer, Seller must give Buyer written notice as required by §141.010, Texas Utilities Code. An addendum containing the notice approved by TREC or required by the parties should be used.

(10) NOTICE OF WATER LEVEL FLUCTUATIONS: If the Property adjoins an impoundment of water, including a reservoir or lake, constructed and maintained under Chapter 11, Water Code, that has a storage capacity of at least 5,000 acre-feet at the impoundment's normal operating level, Seller hereby notifies Buyer: "The water level of the impoundment of water adjoining the Property fluctuates for various reasons, including as a result of: (1) an entity lawfully exercising its right to use the water stored in the impoundment; or (2) drought or flood conditions."

(11) REQUIRED NOTICES: The following notices have been given or are attached to this contract (for example, MUD, WCID, PID notices): _____
_____.

## 7. PROPERTY CONDITION:

A. ACCESS, INSPECTIONS AND UTILITIES:  Seller shall permit Buyer and Buyer's agents access to the Property at reasonable times. Buyer may have the Property inspected by inspectors selected by Buyer and licensed by TREC or otherwise permitted by law to make inspections. Any hydrostatic testing must be separately authorized by Seller in writing. Seller at Seller's expense shall immediately cause existing utilities to be turned on and shall keep the utilities on during the time this contract is in effect.

B. SELLER'S DISCLOSURE NOTICE PURSUANT TO §5.008, TEXAS PROPERTY CODE (Notice): (Check one box only)
☐ (1) Buyer has received the Notice.
☑ (2) Buyer has not received the Notice.  Within ___3___ days after the Effective Date of this contract, Seller shall deliver the Notice to Buyer. If Buyer does not receive the Notice, Buyer may terminate this contract at any time prior to the closing and the earnest money will be refunded to Buyer. If Seller delivers the Notice, Buyer may terminate this contract for any reason within 7 days after Buyer receives the Notice or prior to the closing, whichever first occurs, and the earnest money will be refunded to Buyer.
☐ (3) The Seller is not required to furnish the notice under the Texas Property Code.

C. SELLER'S DISCLOSURE OF LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS is required by Federal law for a residential dwelling constructed prior to 1978.

D. ACCEPTANCE OF PROPERTY CONDITION: "As Is" means the present condition of the Property with any and all defects and without warranty except for the warranties of title and the warranties in this contract. Buyer's agreement to accept the Property As Is under Paragraph 7D(1) or (2) does not preclude Buyer from inspecting the Property under Paragraph 7A, from negotiating repairs or treatments in a subsequent amendment, or from terminating this contract during the Option Period, if any.

(Check one box only)

☑ (1) Buyer accepts the Property As Is.

☐ (2) Buyer accepts the Property As Is provided Seller, at Seller's expense, shall complete the following specific repairs and treatments: _____

_____

(Do not insert general phrases, such as "subject to inspections" that do not identify specific repairs and treatments.)

E. LENDER REQUIRED REPAIRS AND TREATMENTS: Unless otherwise agreed in writing, neither party is obligated to pay for lender required repairs, which includes treatment for wood destroying insects. If the parties do not agree to pay for the lender required repairs or treatments, this contract will terminate and the earnest money will be refunded to Buyer. If the cost of lender required repairs and treatments exceeds 5% of the Sales Price, Buyer may terminate this contract and the earnest money will be refunded to Buyer.

F. COMPLETION OF REPAIRS AND TREATMENTS:  Unless otherwise agreed in writing, Seller shall complete all agreed repairs and treatments prior to the Closing Date and obtain any required permits. The repairs and treatments must be performed by persons who are licensed to provide such repairs or treatments or, if no license is required by law, are commercially engaged in the trade of providing such repairs or treatments. Seller shall: (i) provide Buyer with copies of documentation from the repair person(s) showing the scope of work and payment for the work completed; and (ii) at Seller's expense, arrange for the transfer of any transferable warranties with respect to the repairs and treatments to Buyer at closing. If Seller fails to complete any agreed repairs and treatments prior to the Closing Date, Buyer may exercise remedies under Paragraph 15 or extend the Closing Date up to 5 days if necessary for Seller to complete the repairs and treatments.

G. ENVIRONMENTAL MATTERS: Buyer is advised that the presence of wetlands, toxic substances, including asbestos and wastes or other environmental hazards, or the presence of a threatened or endangered species or its habitat may affect Buyer's intended use of the Property. If Buyer is concerned about these matters, an addendum promulgated by TREC or required by the parties should be used.

H. RESIDENTIAL SERVICE CONTRACTS: Buyer may purchase a residential service contract from a provider or administrator licensed by the Texas Department of Licensing and Regulation. If Buyer purchases a residential service contract, Seller shall reimburse Buyer at closing for the cost of the residential service contract in an amount not exceeding $_____ 450 . Buyer should review any residential service contract for the scope of coverage, exclusions and limitations. **The purchase of a residential service contract is optional. Similar coverage may be purchased from various companies authorized to do business in Texas.**

## 8. BROKERS AND SALES AGENTS:

A. BROKER OR SALES AGENT DISCLOSURE: Texas law requires a real estate broker or sales agent who is a party to a transaction or acting on behalf of a spouse, parent, child, business entity in which the broker or sales agent owns more than 10%, or a trust for which the broker or sales agent acts as a trustee or of which the broker or sales agent or the broker or sales agent's spouse, parent or child is a beneficiary, to notify the other party in writing before entering into a contract of sale. Disclose if applicable:_____

_____ .

B. BROKERS' FEES: All obligations of the parties for payment of brokers' fees are contained in separate written agreements.

## 9. CLOSING:

A. The closing of the sale will be on or before _____ APRIL 15 , 20 25 , or within 7 days after objections made under Paragraph 6D have been cured or waived, whichever date is later (Closing Date). If either party fails to close the sale by the Closing Date, the non-defaulting party may exercise the remedies contained in Paragraph 15.

B. At closing:

(1) Seller shall execute and deliver a general warranty deed conveying title to the Property to Buyer and showing no additional exceptions to those permitted in Paragraph 6 and furnish tax statements or certificates showing no delinquent taxes on the Property.

(2) Buyer shall pay the Sales Price in good funds acceptable to the Escrow Agent.

(3) Seller and Buyer shall execute and deliver any notices, statements, certificates, affidavits, releases, loan documents, transfer of any warranties, and other documents reasonably required for the closing of the sale and the issuance of the Title Policy.

(4) There will be no liens, assessments, or security interests against the Property which will not be satisfied out of the sales proceeds unless securing the payment of any loans assumed by Buyer and assumed loans will not be in default.

(5) Private transfer fees (as defined by Chapter 5, Subchapter G of the Texas Property Code) will be the obligation of Seller unless provided otherwise in this contract. Transfer fees assessed by a property owners' association are governed by the Addendum for Property Subject to Mandatory Membership in a Property Owners Association.

## 10. POSSESSION:

A. BUYER'S POSSESSION: Seller shall deliver to Buyer possession of the Property in its present or required condition, ordinary wear and tear excepted: ☑upon closing and funding ☐according to a temporary residential lease form promulgated by TREC or other written lease required by the parties. Any possession by Buyer prior  to closing or by Seller after closing which is not authorized by a written lease will establish a tenancy at sufferance relationship between the parties. **Consult your insurance agent prior to change of ownership and possession because insurance coverage may be limited or terminated. The absence of a written lease or appropriate insurance coverage may expose the parties to economic loss.**

B. SMART DEVICES: "Smart Device" means a device that connects to the internet to enable remote use, monitoring, and management of: (i) the Property; (ii) items identified in any Non-Realty Items Addendum; or (iii) items in a Fixture Lease assigned to Buyer. At the time Seller delivers possession of the Property to Buyer, Seller shall:

(1) deliver to Buyer written information containing all access codes, usernames, passwords, and applications Buyer will need to access, operate, manage, and control the Smart Devices; and

(2) terminate and remove all access and connections to the improvements and accessories from any of Seller's personal devices including but not limited to phones and computers.

## 11. SPECIAL PROVISIONS: (This paragraph is intended to be used only for additional informational items. An informational item is a statement that completes a blank in a contract form, discloses factual information, or provides instructions. Real estate brokers and sales agents are prohibited from practicing law and shall not add to, delete, or modify any provision of this contract unless drafted by a party to this contract or a party's attorney.) _____

_____

_____.

## 12. SETTLEMENT AND OTHER EXPENSES:

A. The following expenses must be paid at or prior to closing:

(1) Expenses payable by Seller (Seller's Expenses):

(a) Releases of existing liens, including prepayment penalties and recording fees; release of Seller's loan liability; tax statements or certificates; preparation of deed; one-half of escrow fee; and other expenses payable by Seller under this contract.

(b) Seller shall also pay an amount not to exceed $_____15,000 to be applied in the following order: Buyer's Expenses which Buyer is prohibited from paying by FHA, VA, Texas Veterans Land Board or other governmental loan programs, and then to other Buyer's Expenses as allowed by the lender.

(2) Expenses payable by Buyer (Buyer's Expenses): Appraisal fees; loan application fees; origination charges; credit reports; preparation of loan documents; interest on the notes from date of disbursement to one month prior to dates of first monthly payments; recording fees; copies of easements and restrictions; loan title policy with endorsements required by lender; loan-related inspection fees; photos; amortization schedules; one-half of escrow fee; all prepaid items, including required premiums for flood and hazard insurance, reserve deposits for insurance, ad valorem taxes and special governmental assessments; final compliance inspection; courier fee; repair inspection; underwriting fee; wire transfer fee; expenses incident to any loan; Private Mortgage Insurance Premium (PMI), VA Loan Funding Fee, or FHA Mortgage Insurance Premium (MIP) as required by the lender; and other expenses payable by Buyer under this contract.

B. If any expense exceeds an amount expressly stated in this contract for such expense to be paid by a party, that party may terminate this contract unless the other party agrees to pay such excess. Buyer may not pay charges and fees expressly prohibited by FHA, VA, Texas Veterans Land Board or other governmental loan program regulations.

## 13. PRORATIONS: Taxes for the current year, interest, rents, and  regular periodic maintenance fees, assessments, and dues (including prepaid items) will be prorated through the Closing Date. The tax proration may be calculated taking into consideration any change in exemptions that will affect the current year's taxes. If taxes for the current year vary from the amount prorated at closing, the parties shall adjust the prorations when tax statements for the current year are available. If taxes are not paid at or prior to closing, Buyer shall pay taxes for the current year.

## 14. CASUALTY LOSS: If any part of the Property is damaged or destroyed by fire or other casualty after the Effective Date of this contract, Seller shall restore the Property to its previous condition as soon as reasonably possible, but in any event by the Closing Date. If Seller fails to do so due to factors beyond Seller's control, Buyer may (a) terminate this contract and the earnest money

will be refunded to Buyer (b) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (c) accept the Property in its damaged condition with an assignment of insurance proceeds, if permitted by Seller's insurance carrier, and receive credit from Seller at closing in the amount of the deductible under the insurance policy. Seller's obligations under this paragraph are independent of any other obligations of Seller under this contract.

**15. DEFAULT:** If Buyer fails to comply with this contract, Buyer will be in default, and Seller may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract. If Seller fails to comply with this contract, Seller will be in default and Buyer may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money, thereby releasing both parties from this contract.

**16. MEDIATION:** It is the policy of the State of Texas to encourage resolution of disputes through alternative dispute resolution procedures such as mediation. Any dispute between Seller and Buyer related to this contract which is not resolved through informal discussion will be submitted to a mutually acceptable mediation service or provider. The parties to the mediation shall bear the mediation costs equally. This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction.

**17. ATTORNEY'S FEES:** A Buyer, Seller, Listing Broker, Other Broker, or Escrow Agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

**18. ESCROW:**
  A. ESCROW: The Escrow Agent is not (i) a party to this contract and does not have liability for the performance or nonperformance of any party to this contract, (ii) liable for interest on the earnest money and (iii) liable for the loss of any earnest money caused by the failure of any financial institution in which the earnest money has been deposited unless the financial institution is acting as Escrow Agent. Escrow Agent may require any disbursement made in connection with this contract to be conditioned on Escrow Agent's collection of good funds acceptable to Escrow Agent.
  B. EXPENSES: At closing, the earnest money must be applied first to any cash down payment, then to Buyer's Expenses and any excess refunded to Buyer. If no closing occurs, Escrow Agent may: (i) require a written release of liability of the Escrow Agent from all parties before releasing any earnest money; and (ii) require payment of unpaid expenses incurred on behalf of a party. Escrow Agent may deduct authorized expenses from the earnest money payable to a party. "Authorized expenses" means expenses incurred by Escrow Agent on behalf of the party entitled to the earnest money that were authorized by this contract or that party.
  C. DEMAND: Upon termination of this contract, either party or the Escrow Agent may send a release of earnest money to each party and the parties shall execute counterparts of the release and deliver same to the Escrow Agent. If either party fails to execute the release, either party may make a written demand to the Escrow Agent for the earnest money. If only one party makes written demand for the earnest money, Escrow Agent shall promptly provide a copy of the demand to the other party. If Escrow Agent does not receive written objection to the demand from the other party within 15 days, Escrow Agent may disburse the earnest money to the party making demand reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and Escrow Agent may pay the same to the creditors. If Escrow Agent complies with the provisions of this paragraph, each party hereby releases Escrow Agent from all adverse claims related to the disbursal of the earnest money.
  D. DAMAGES: Any party who wrongfully fails or refuses to sign a release acceptable to the Escrow Agent within 7 days of receipt of the request will be liable to the other party for (i) damages; (ii) the earnest money; (iii) reasonable attorney's fees; and (iv) all costs of suit.
  E. NOTICES: Escrow Agent's notices will be effective when sent in compliance with Paragraph 21. Notice of objection to the demand will be deemed effective upon receipt by Escrow Agent.

**19. REPRESENTATIONS:** All covenants, representations and warranties in this contract survive closing.  If any representation of Seller in this contract is untrue on the Closing Date, Seller will be in default.  Unless expressly prohibited by written agreement, Seller may continue to show the Property and receive, negotiate and accept back up offers.

**20. FEDERAL TAX REQUIREMENTS:** If Seller is a "foreign person," as defined by Internal Revenue Code and its regulations, or if Seller fails to deliver an affidavit or a certificate of non-foreign status to Buyer that Seller is not a "foreign person," then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. Internal Revenue Service regulations require filing written reports if currency in excess of specified amounts is received in the transaction.

**21. NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by fax or electronic transmission as follows:

To Buyer at: ATLAS REAL ESTATE INVESTORS LL

To Seller at: Hajarat Laditi

26066 Haggard Nest Dr Katy Tx 77494

Phone:   ( 832 ) 8607846

Phone:   ( 240 ) 547-7852

E-mail/Fax:   BOKEDOKUN@GMAIL.COM

E-mail/Fax:   Laditi_hajarat@yahoo.com

E-mail/Fax: _____

E-mail/Fax: _____

With a copy to Buyer's agent at:

With a copy to Seller's agent at:

**22. AGREEMENT OF PARTIES:** This contract contains the entire agreement of the parties and cannot be changed except by their written agreement. Addenda which are a part of this contract are (Check all applicable boxes):

- ☑ Third Party Financing Addendum
- ☑ Seller Financing Addendum
- ☐ Addendum for Property Subject to Mandatory Membership in a Property Owners Association
- ☐ Buyer's Temporary Residential Lease
- ☐ Loan Assumption Addendum
- ☐ Addendum for Sale of Other Property by Buyer
- ☐ Addendum for Reservation of Oil, Gas and Other Minerals
- ☐ Addendum for "Back-Up" Contract
- ☐ Addendum for Coastal Area Property
- ☐ Addendum for Authorizing Hydrostatic Testing
- ☐ Addendum Concerning Right to Terminate Due to Lender's Appraisal
- ☐ Environmental Assessment, Threatened or Endangered Species and Wetlands Addendum

- ☐ Seller's Temporary Residential Lease
- ☐ Short Sale Addendum
- ☐ Addendum for Property Located Seaward of the Gulf Intracoastal Waterway
- ☐ Addendum for Seller's Disclosure of Information on Lead-based Paint and Lead-based Paint Hazards as Required by Federal Law
- ☐ Addendum for Property in a Propane Gas System Service Area
- ☐ Addendum Regarding Residential Leases
- ☐ Addendum Regarding Fixture Leases
- ☐ Addendum containing Notice of Obligation to Pay Improvement District Assessment
- ☐ Other (list): _____

**23. CONSULT AN ATTORNEY BEFORE SIGNING:** TREC rules prohibit real estate brokers and sales agents from giving legal advice. READ THIS CONTRACT CAREFULLY.

Buyer's
Attorney is: _____

Seller's
Attorney is: _____

Phone:   ( ) _____

Phone:   ( ) _____

Fax:   ( ) _____

Fax:   ( ) _____

E-mail: _____

E-mail: _____

**EXECUTED the** __17__ **day of** _____ MARCH , 20__25__ **(Effective Date).**
**(BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)**

_____
Buyer

_____
Seller

_____
Buyer

_____
Seller


The form of this contract has been approved by the Texas Real Estate Commission.   TREC forms are
intended for use only by trained real estate license holders. No representation is made as to the legal
validity or adequacy of any provision in any specific transactions. It is not intended for complex
transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936-3000
(http://www.trec.texas.gov) TREC NO. 20-17. This form replaces TREC NO. 20-16.

TREC NO. 20-17

Ex B

## Tap start

# Closing Disclosure

This form is a statement of final loan terms and closing costs. Compare this document with your Loan Estimate.

**Closing Information**
Date Issued 03/21/2025
Closing Date 03/24/2025
Disbursement Date 02/25/2025
Settlement Agent EXODUS TITLE, LLC
File # SA-24-5721
Property 26066 HAGGARD NEST DR
KATY, TX 77494
Sale Price $594,000

**Transaction Information**
Borrower MOBOLAJI OKEDOKUN
429 5TH ST # 1
CARLSTADT, NJ 07072
Seller HAJARAT LADITI
26066 HAGGARD NEST DR
KATY, TX 77494
Lender HOMEXPRESS MORTGAGE CORP.

**Loan Information**
Loan Term 40 years
Purpose Purchase
Product 10 YEAR INTEREST ONLY, FIXED RATE
Loan Type ☒ Conventional ☐ FHA
☐ VA ☐ _____
Loan ID # 2000047373
MIC #

| Loan Terms | | Can this amount increase after closing? |
|---|---|---|
| Loan Amount | $475,200 | NO |
| Interest Rate | 8.5% | NO |
| Monthly Principal & Interest<br>See Projected Payments below for your Estimated Total Monthly Payment | $3,366.00 | YES • Adjusts once in year 11<br>• Goes as high as $3,654 in year 11<br>• Includes only interest and no principal until year 11<br>• See AP Table on page 4 for details |
| | | Does the loan have these features? |
| Prepayment Penalty | | YES • As high as $23,760 if you pay off the loan during the first 2 years |
| Balloon Payment | | NO |

| Projected Payments | | |
|---|---|---|
| Payment Calculation | Years 1-10 | Years 11-40 |
| Principal & Interest | $3,366.00<br>only interest | $3,653.88 |
| Mortgage Insurance | + 0 | + 0 |
| Estimated Escrow<br>Amount can increase over time | + 1,001.46 | + 1,001.46 |
| Estimated Total<br>Monthly Payment | $4,367.46 | $4,655.34 |

| Estimated Taxes, Insurance & Assessments<br>Amount can increase over time<br>See page 4 for details | $1,082.71<br>a month | This estimate includes | In escrow? |
|---|---|---|---|
| | | ☒ Property Taxes | YES |
| | | ☒ Homeowner's Insurance | YES |
| | | ☒ Other: HOMEOWNER'S ASSOCIATION DUES | NO |
| | | See Escrow Account on page 4 for details. You must pay for other property costs separately. | |

| Costs at Closing | | |
|---|---|---|
| Closing Costs | $33,680.07 | Includes $28,767.90 in Loan Costs + $4,912.17 in Other Costs - $0 in Lender Credits. See page 2 for details. |
| Cash to Close | $151,088.95 | Includes Closing Costs. See Calculating Cash to Close on page 3 for details. |

## Closing Cost Details

| Loan Costs | Borrower-Paid | | Seller-Paid | | Paid By |
|---|---|---|---|---|---|
| | At Closing | Before Closing | At Closing | Before Closing | Others |
| A. Origination Charges | $22,692.00 | | | | |

**Tap start to begin signing.**     **START**



James Robertson, Esquire
(1943 - 2019)
Everett Anschutz, Esquire*
Member of Texas Bar
David J. Schneid*
Member of Florida Bar
John T. Crane, Esquire*
Member of Georgia and Texas Bar
Sara Z. Boriskin, Esquire*
Member of New York Bar
Richard Citron, Esquire*
Member of NJ, NY, PA Bar
*Partner



**R A S** ™
ROBERTSON, ANSCHUTZ, SCHNEID,
CRANE & PARTNERS, PLLC
L A W   O F F I C E S

5601 Executive Dr. Suite 400
Irving, TX 75038
Office 470-321-7112
www.raslegalgroup.com

Keith Yacko
Member of MD, VA Bar
Crystal Saresky
Member of OH, KY Bar
Chad Lewis
Member of IL Bar
Genevieve Johnson
Member of GA, SC Bar
Layne Gillespie
Member of TN Bar
Kimberly Lawson
Member of DE Bar
Elizabeth Brown
Member of NC, SC Bar

 3/28/2025

Because we may be considered "debt collectors," you should proceed on the assumption and with the understanding that THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Póngase en contacto con nosotros para solicitar una copia de esta carta en español.

You may request a copy of this letter in an alternative reasonably accommodatable format such as large print or audio compact disc by calling our office at (423) 498 7400 option 4

**Bankruptcy**. If your obligation to pay the amount due had been previously discharged under the Bankruptcy Code, or if the Bankruptcy Code's automatic stay is in effect, this correspondence is intended for informational purposes only and does not constitute an attempt to collect a debt or an assertion that you have personal liability for the debt. You may wish to consult with your Bankruptcy attorney. If a filing for bankruptcy protection is made, the Payoff Amount may change.

*File No.: 24-195124*
*If your obligation to pay the amount due had been previously discharged under the Bankruptcy Code, or if the Bankruptcy Code's automatic stay is in effect, this correspondence is intended for informational purposes only and does not constitute an attempt to collect a debt or an assertion that you have personal liability for the debt.*

<span style="color:red">**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**</span>

**THE STATE OF TEXAS**

**CITATION**

**TO:** **UNITED WHOLESALE MORTGAGE**
**ROBERTSON ANSCHUTZ**
**SCHNEID, CRANE AND PARTNERS PLLC**
**5601 EXECUTIVE DR STE 400**
**IRVING TX  75038**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUCTION** filed on **April 01, 2025,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **25-DCV-327859**  and is styled:

**HARJART LADITI VS UNITED WHOLESALE MORTGAGE AND CENLAR FSB ("CENLAR")**

The name and address of the attorney for **PLAINTIFF(S)** is:

**HARJART LADITI**
**26066 HAGGARD NEST DR**
**KATY TX  77494**
**281-505-5921**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUCTION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 4th day of April, 2025.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Dreamy Jose_

**Deputy District Clerk DREAMY JOSE**
**Telephone: (281) 238-3284**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.  Executed

at _____, within the County of _____

_____, at _____o'clock ___M. on the _____ day of _____,

20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with TRCP Rule 107(e): The officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, I am at least 18 years old, and my address is
                      (First, Middle, Last)

_____, _____, _____, _____, and _____. I declare
       (Street)             (City)      (State)   (Zip Code)    (Country)

under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of _____,

on the _____ day of _____, _____.
             (Month)      (Year)

_____
Declarant / Authorized Person

_____."
(ID # and Expiration of Certification)

**ORIGINAL**

Citation issued to United Wholesale Mortgage on 4/4/2025.

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

**TO:** **UNITED WHOLESALE MORTGAGE**
**ROBERTSON ANSCHUTZ**
**SCHNEID, CRANE AND PARTNERS PLLC**
**5601 EXECUTIVE DR STE 400**
**IRVING TX 75038**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUCTION** filed on **April 01, 2025**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **25-DCV-327859** and is styled:

**HARJART LADITI VS UNITED WHOLESALE MORTGAGE AND CENLAR FSB ("CENLAR")**

The name and address of the attorney for **PLAINTIFF(S)** is:

**HARJART LADITI**
**26066 HAGGARD NEST DR**
**KATY TX 77494**
**281-505-5921**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUCTION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 4th day of April, 2025.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Dreamy Jose_

**Deputy District Clerk DREAMY JOSE**
**Telephone:** (281) 238-3284

**SERVICE**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.  Executed

at _____, within the County of _____

_____, at _____o'clock ___M. on the _____ day of _____,

20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with TRCP Rule 107(e): The officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, I am at least 18 years old, and my address is
                                          (First, Middle, Last)

_____, _____, _____, _____, and _____. I declare
                (Street)                          (City)              (State)        (Zip Code)          (Country)

under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of _____,

on the _____ day of _____, _____.
                                    (Month)                  (Year)

_____
Declarant / Authorized Person

_____."
(ID # and Expiration of Certification)

## SERVICE

Citation issued to United Wholesale Mortgage on 4/4/2025.

**SERVICE FEE NOT COLLECTED BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

**TO:** **CENLAR FSB ("CENLAR")**
**ROBERTSON ANSCHUTZ**
**SCHNEID, CRANE AND PARTNERS PLLC**
**5601 EXECUTIVE DR STE 400**
**IRVING TX  75038**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUCTION** filed on **April 01, 2025,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **25-DCV-327859**  and is styled:

**HARJART LADITI VS UNITED WHOLESALE MORTGAGE AND CENLAR FSB ("CENLAR")**

The name and address of the attorney for **PLAINTIFF(S)** is:

**HARJART LADITI**
**26066 HAGGARD NEST DR**
**KATY TX  77494**
**281-505-5921**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUCTION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 4th day of April, 2025.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
**Deputy District Clerk DREAMY JOSE**
**Telephone:** (281) 238-3284

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.  Executed

at _____, within the County of _____

_____, at _____o'clock ___M. on the _____ day of _____,

20___, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with TRCP Rule 107(e): The officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, I am at least 18 years old, and my address is
                                   (First, Middle, Last)

_____, _____, _____, _____, and _____. I declare
              (Street)                                (City)                    (State)         (Zip Code)              (Country)

under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of _____,

on the _____ day of _____, _____.
                                        (Month)                     (Year)

_____
Declarant / Authorized Person

_____."
(ID # and Expiration of Certification)

**ORIGINAL**

Citation issued to Cenlar FSB ("Cenlar") on 4/4/2025.

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

**TO:     CENLAR FSB ("CENLAR")**
**ROBERTSON ANSCHUTZ**
**SCHNEID, CRANE AND PARTNERS PLLC**
**5601 EXECUTIVE DR STE 400**
**IRVING TX  75038**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUCTION** filed on **April 01, 2025,** a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **25-DCV-327859** and is styled:

**HARJART LADITI VS UNITED WHOLESALE MORTGAGE AND CENLAR FSB ("CENLAR")**

The name and address of the attorney for **PLAINTIFF(S)** is:

**HARJART LADITI**
**26066 HAGGARD NEST DR**
**KATY TX  77494**
**281-505-5921**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUCTION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 4th day of April, 2025.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
**Deputy District Clerk** DREAMY JOSE
**Telephone:** (281) 238-3284

**SERVICE**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ___.M.   Executed

at _____, within the County of _____

_____, at _____o'clock ___.M. on the _____ day of _____,

20___, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.


Total fee for serving ____ citation at $80.00 each  $_____


_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with TRCP Rule 107(e): The officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, I am at least 18 years old, and my address is
                                    (First, Middle, Last)

_____, _____, _____, _____, and _____. I declare
                (Street)                              (City)                  (State)        (Zip Code)            (Country)

under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of _____,

on the _____ day of _____, _____.
                                      (Month)                    (Year)


_____
Declarant / Authorized Person

_____."
(ID # and Expiration of Certification)


## SERVICE

Citation issued to Cenlar FSB ("Cenlar") on 4/4/2025.

Cause No. _____

HAJARAT LADITI,

Plantiff

Vs

UNITED WHOLESALE

MORTGAGE AND CENLAR FSB

("CENLAR"),

Defendants

25 - DCV - 327859
7
NFFILI
No Fee Documents
7254665

IN THE    DISTRICT COURT

458_____JUDICIAL DISTRICT

OF FORT BEND COUNTY

## <u>REQUEST OF AN EXTENSION OF THE INJUNCTION HEARING</u>

To the Honorable Judge of said court. I apologize for missing the first court date being that I am prose. I did not read the paper closely. I was so focused on getting the bond taken care of that I missed the court date that was already scheduled. I thought the court was going to notify me later. I would like to request an extension of time for my injunction hearing to the 29th of April 2025.

I am working diligently in good faith to have everything resolved before that date. If things are worked out timely, I am looking forward to notifying the court and dismissing this case.

We are working diligently to get the lender the additional documents they requested form last quarter. If things work out timely, we will notify the court as soon as possible.

ROUTED TO COURT    4/17/2025 CD
RT'D TO D. CLERK

Thank you Judge for giving me the opportunity to work out this situation and protect my family.

Thank you,

Hajarat Laditi

(281)505-5921

blazebusinessbrokerage@gmail.com

                                    04/14/2025

FILED

APR 1 4 2025
AT ___3.01___ P.M.
_Brenda McAnn Walk_ AO
CLERK DISTRICT COURT, FORT BEND CO., TX

Cause No. _____

HAJARAT LADITI,

Plantiff

Vs

UNITED WHOLESALE

MORTGAGE AND CENLAR FSB

("CENLAR"),

Defendants

IN THE   DISTRICT COURT

458____JUDICIAL DISTRICT

OF FORT BEND COUNTY

## **REQUEST OF AN EXTENSION OF THE INJUNCTION HEARING**

To the Honorable Judge of said court. I apologize for missing the first court date being that I am prose. I did not read the paper closely. I was so focused on getting the bond taken care of that I missed the court date that was already scheduled. I thought the court was going to notify me later. I would like to request an extension of time for my injunction hearing to the 29th of April 2025.

I am working diligently in good faith to have everything resolved before that date. If things are worked out timely, I am looking forward to notifying the court and dismissing this case.

We are working diligently to get the lender the additional documents they requested form last quarter. If things work out timely, we will notify the court as soon as possible.

Thank you Judge for giving me the opportunity to work out this situation and protect my family.

Thank you,

Hajarat Laditi

(281)505-5921

blazebusinessbrokerage@gmail.com

HLaditi                          04/14/2025

unable to extend temporary injunction that has already expired.  MHH 4/22/25

FILED

APR 1 4 2025

AT  3:01  P.M.

CLERK DISTRICT COURT, FORT BEND CO., TX